CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 12 2009

JOHN F CORCORAN, CLERK
BY: /s/ K Bolton
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| GINGER L. TURNER, | ) | Case No. 5:08cv00021 |
| | ) | |
| Plaintiff | ) | REPORT AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) By: | Hon. James G. Welsh |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant | ) | |

The plaintiff, Ginger L. Turner, brings this action pursuant to 42 U.S.C. § 405(g) challenging the final decision of the Commissioner of the Social Security Administration ('the agency") denying her claims for a period of disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 416 and 423 and 42 U.S.C. § 1381 *et seq.*, respectively. Jurisdiction of the court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

The Commissioner's Answer was filed on July 29, 2008 along with a certified copy of the administrative record ("R.") containing the evidentiary basis for the findings and conclusions set forth in the Commissioner's final decision. By order of referral entered on the same date, this case is before the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Alleging two substantive assignments of error, the plaintiff seeks reversal of the adverse administrative decision. Her basic contentions are that the administrative law judge ("ALJ") erred

at step-three in the agency's standard decisional process [1] by failing to find that her spinal disorder and attendant nerve root compression [2] were of listing-level severity [3] and that the ALJ also erred at the final decisional step by discounting her treating physician's functional assessments [4] and making the determination that she retained the functional ability to do work she had performed in the past, including housekeeper and home care attendant jobs. In his response, the Commissioner argues that the evidence supports the ALJ's conclusion that the plaintiff's condition did not meet all of the criteria of Listing 1.04A and that substantial evidence supports the ALJ's finding that the plaintiff retains the functional ability to perform a range of light work. Each party has moved for summary judgment; no written request was made for oral argument, [5] and the case is now before the

---

[1] To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of impairments found at 20 C.F.R. Part 4, Subpart P, Appx. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents her from doing substantial gainful employment. 20 C.F.R. § 404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §.404.1503(a); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981)

[2] The plaintiff's first argument is based on the opinion of Dr. King Seegar, a treating physician, contained in his responses to certain listing-related interrogatories (R.342-344) which supports her contention that she "meets the disability criteria in Listing 1.04A."

[3] 20 C.F.R. Part 404, Subpart P, Appx. 1. The "listings" are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they effect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For an individual to show that his or her impairment matches a listing, it must meet all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521,529 (1990). An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.* (citing Social Security Ruling ("SSR") 83-19. The listings are designed so that the requirements for meeting one of them is, in effect, a higher standard than the functional assessment at the agency's final decisional step, because the listings "were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* at 532.

[4] The plaintiff's second argument is based primarily on the responses of Dr. Seegar's two functional activities questionnaires (R.243-247,328-333).

[5] Paragraph 2 of the court's Standing Order No. 2005-2 requires that the plaintiff in a Social Security case must request oral argument in writing at the time his or her brief is filed.

undersigned for a report and recommended disposition.

Based on a thorough review of the administrative record and for the reasons herein set forth, it is recommended that the plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and an appropriate final judgment be entered affirming the Commissioner's decision denying benefits.

I.   **Standard of Review**

The court's review in this case is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the statutory conditions for entitlement to a period of DIB or to SSI. "Under the . . . Act, [a reviewing court] must uphold the factual findings of the [Commissioner], if they are supported by substantial evidence and were reached through application of the correct legal standard." *Mastro v. Apfel*, 270 F.3$^d$ 171, 176 (4th Cir. 2001) (*quoting Craig v. Chater*, 76 F.3$^d$ 585, 589 (4th Cir. 1996)). This standard of review is more deferential than *de novo*. "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro*, 270 F.3$^d$ at 176 (quoting *Laws v. Celebrezze*, 368 F.2$^d$ 640, 642 (4th Cir. 1966)). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Id.* (*quoting Craig v. Chater*, 76 F.3$^d$ at 589). The Commissioner's conclusions of law are, however, not subject to the same deferential standard and are subject to plenary review. *See Island Creek Coal Company v. Compton*, 211 F.3$^d$ 203, 208 (4th

3

Cir. 2000); 42 U.S.C. § 405(g).

II. **Administrative History**

The record shows that plaintiff protectively filed her current applications on August 31, 2004, alleging a disability beginning August 4, 2004 due to "arthritis, fibromyalgia, lupis (*sic*), SLE, degenerative disks (*sic*), . . . chronic fatigue, . . . [and] sleep apnea . . . ." (R.51-52,69,78,334-341.) Her claims were denied both initially and on reconsideration, and an administrative hearing on her applications was held on November 2, 2006 before an ALJ. (R.18,30-43,409-471.) The plaintiff was present, testified, and was represented by counsel. (*Id.*) The plaintiff's mother testified in support of her daughter's applications, and a vocational witness, Dr. Barry Hensley, was also present and testified. (R.410,451-470.)

Utilizing the agency's standard sequential evaluation process, the plaintiff's claims were denied by written administrative decision dated February 23, 2007. (R.22-28.) *Inter alia*, the ALJ concluded that the plaintiff had "the following severe combination of impairments: borderline intellectual functioning, depression, borderline and histrionic personalities, a knee impairment, obesity, systemic lupus erythematosis, chronic fatigue, fibromyalgia, a back impairment, high blood pressure, chest pain, and dizziness." (R.20-24.) The ALJ next evaluated the plaintiff's impairments under the applicable criteria of the Listing of Impairments and determined that neither her physical nor her mental impairments met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. And at the final decisional step the ALJ concluded that the plaintiff retained a residual

functional capacity to perform past relevant work. (R.24-29.)

After the ALJ's issuance of his adverse decision, the plaintiff made a timely request for Appeals Council review. (R.18-15.) Her request was denied (R.6-9), and the decision of the ALJ now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

### III. Facts and Analysis

The record in this case shows that the plaintiff was born in 1975 and was thirty-one years of age [6] at the time of the administrative hearing. (R.52,78,459.) She has a high school education, "but it was special education, " and it was deemed by the vocational witness to be "marginal at best." (R.459.) Her past relevant work included *inter alia* jobs as a housekeeper, a home care attendant, and a production worker. (R.459-460.) Based on the vocational testimony, work as a housekeeper and home care attendant are jobs which could be successfully performed by an individual with the plaintiff's vocational profile and exertionally limited to light work [7] requiring only occasional

---

[6] At this age the plaintiff is classified as a *"younger person,"* and pursuant to the agency's regulations age is generally considered not to affect seriously a younger person's ability to adjust to other work. 20 C.F.R. §§ 404.1563(c) and 416.920(c).

[7] *"Light work"* is defined in 20 C.F.R. § 404.1567(b) to involve lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category generally requires a good deal of walking or standing, or when it involves sitting most of the time generally involve some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities. A job may also be considered light work if it requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" with intermittent sitting. Social Security Ruling ("SSR") 83-10.

5

Case 5:08-cv-00021-SGW-JGW    Document 20    Filed 03/12/09    Page 5 of 14    Pageid#: 66

postural activities,[8] and with a need to avoid workplace hazards, moving machinery, unprotected heights, and concentrated exposure to temperature extremes. (R.461- 468.)

Questioning both the ALJ's finding that her condition neither met nor equaled a listed impairment and his ultimate non-disability finding, the plaintiff contends on appeal that the ALJ erroneously failed to afford controlling evidentiary weight to the pertinent opinions of her family physician, Dr. King Seegar. His responses to certain written interrogatories, the plaintiff argues, document a spinal disorder which meets Listing 1.04A. (R.343-344.) Likewise, she argues that Dr. Seegar's responses to two additional questionnaires conclusively demonstrate her functional inability to perform even sedentary work on a regular and sustained basis. (R.329-333,243-247.)

These treating source opinions were considered by the ALJ and discounted on the ground that they were not well-supported by the medical record. (R.21-26.) *Inter alia*, the ALJ determined that Dr. Seegar's responses in an April 2005 work-limitation form "did not appear to be based on significant diagnostic evidence" demonstrating significant arthritic changes in the plaintiff's fingers or shoulders, that Dr. Seegar's March 2006 functional capacity assessment was "inconsistent with the medical findings and an exaggeration of the [plaintiff's] actual physical capacity," and that Dr. Seegar's October 2006 responses related to the plaintiff's back condition and were "not consistent with his office records." (R.22,209-230, 259-272,381-393.)

---

[8] As defined by the ALJ in his hypothetical question to the vocational witness, postural activities included "climbing, balancing, stooping, kneeling, crouching, [and] crawling." (R.461.)

6

In determining the evidentiary weight to give to Dr. Seegar's assessments, the ALJ also relied on the results of a consultive examination by Dr. Kip Beard in February 2005 which failed to demonstrate: any significant limitation of lumbar spine motion (R.201-203); any gait abnormality (R.201,182.); any inability to stand without assistance (R.201.); any inability to sit comfortably (R.202); any inability to walk on her heels and toes (R.202); or any evidence of a significant spinal cord abnormality (R.202-203,21.) Similarly, the ALJ relied on the fact that the plaintiff complained to Dr. Beard of constant lower back pain with attendant bilateral radiculopathy, but reported at the same time that she was not participating in any physical therapy, receiving any chiropractic care, or receiving any injections for these pain complaints, (R.200,21.)

In his review of the plaintiff's medical records, the ALJ additionally discussed the fact that the plaintiff reported having had left knee surgery in 1993 and again in 2000. Nevertheless, she continued to complain of constant left knee pain and told Dr. Beard that she had "no cushion" in that knee. (R.21.) In contrast, Dr. Beard's physical examination revealed a well-healed left knee scar and only "mild patellar crepitation and tenderness without redness, warmth, swelling, effusion, or laxity in either knee." (*Id.*)

The ALJ also predicated his discount of Dr. Seegar's opinions on their inconsistency with the physical abilities identified by Dr. Thomas Stein at the time of the plaintiff's February 2005 psychological assessment (R.182), or those noted by Dr. William Sharpe in his May 2005 hospital

7

admission notes (R.255), on the fact that the plaintiff was taking no prescription pain medication,[9] and generally on the "preponderant medical signs and findings." (R.22-23.)

Relying on the same medical evidence, the ALJ also determined that the plaintiff's various subjective complaints concerning the chronic intensity, persistence and limiting effects of her symptoms were not entirely credible. (R.28.)

A.

As stated above, this court's function is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. This court must not re-weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided his decision is supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1456 (4th Cir. 1990). In making this determination the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). It is, however, the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. *See Hays v. Sullivan*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). Thus, while the ALJ may not reject medical evidence for no reason or for the wrong reason, if he sufficiently explains his rationale and if the record supports his findings, under the regulations the ALJ may assign no weight or little weight to a medical opinion, even one

---

[9] As the ALJ noted in his decision, the plaintiff uses only over-the-counter pain medications and a muscle relaxant.

8

from a treating source, based on the factors set forth in 20 C.F.R. § 404.1527(d) and § 416.927(d).

Judged by this standard, there is substantial evidence in this record to support the ALJ's finding that the plaintiff's low back condition did not meet or equal the impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(A). To meet this listing, an individual must suffer from either a herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis or vertebral fracture, resulting in compromise of a nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test. *See* 20 C.F.R. Pt. 404, Subpart. P, Appx. 1, § 1.04(A). In addition, as the regulations specifically direct, the responsibility for determining whether a person's musculoskeletal condition meets or equals a listed impairment rests with the Commissioner. *See* 20 C.F.R. § 404.1527(e)(2) and § 416.927(e)(2).

As the Commissioner argues in his brief, under 20 C.F.R. § 404.1527(d) and § 416.927(d) the ALJ is obligated to give controlling weight to a treating source's opinion only if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. In the case now before the court, the ALJ gave little weight to the assessments of Dr. Seegar because they were not supported by his own medical findings and because they were inconsistent with the record as a whole. Quite properly in this case, the ALJ chose to rely to a significant degree on the objective results of Dr. Beard's consultive examination and its inherent consistency with the medical record as a whole.

9

## B.

In assessing the plaintiff's residual functional capacity at the final decisional step, the ALJ similarly considered the treating source limitations outlined by Dr. Seegar on April 7, 2005 (R.243-247), on March 29, 2006 (R.329-333), and on October 26, 2006 (R.343-344). On each occasion, Dr. Seegar opined that the plaintiff's knee, shoulder and back problems were debilitating and effectively precluded the plaintiff from performing even sedentary work. (R.243-244,329-331,343-344.) As the ALJ observed, however, his treatment notes (R.209-230,259-272) do not include significant clinical or diagnostic findings to support a conclusion that the plaintiff's back and knee conditions are totally disabling. (R.22.) As the ALJ noted in his decision, the "records from Dr. Seegar and the other treating practitioners at Pendleton Community Care . . . [note] no numbness, tingling, or weakness in any limb; and some pain in the lower back with flexion/extension which radiated into the groin, but not down the legs." (R.22.)

Moreover, the February 13, 2005 consultive examination report of Dr. Kip Beard (R.199-208), which the ALJ found to be persuasive, detailed clinical and radiographic findings which evidence no myelopathy, radiculopathy, or other functionally significant physical abnormality. (R.22.) Likewise, Dr. Seegar's assessment of the plaintiff's functional abilities is contradicted by observations noted by Dr. Thomas Stein's as part of his mental status evaluation on February 3, 2005. Therein, he reports *inter alia* that the plaintiff exhibited an "adequate" posture and gait even after traveling one and one-quarter hours to his office, required no device to assist with walking, required no assistance with her personal hygiene, was able to do light house cleaning, was able to run errands, and was able to read for two hours. (R.182,184,187.)

10

As the Commissioner points out in his brief, although the plaintiff has problems with her left knee and with cervical spine pain, she has few functional limitations. For her impairment to be disabling, it must be accompanied by functional limitations which render her unable to work. *See Hays v. Sullivan*, 907 F. 2$^d$ 1453, 1458 (4th Cir. 1990). Although both Dr. Seegar and the plaintiff report such debilitating functional limitations, they are inconsistent with the objective medical evidence, and the ALJ, therefore, acted within his decisional authority to discount them. Despite the plaintiff's argument to the contrary, on the specific facts of this case the ALJ properly relied on the results of Dr. Beard's consultive examination to support his decisional assessment that the plaintiff retained the functional ability to perform light work. *Smith v. Schweiker*, 795 F.2$^d$ 345-346 (4th Cir. 1986).

## C.

The plaintiff's argument that ALJ disregarded her mental health evidence is similarly without merit. It was discussed in considerable detail by the ALJ. (R.24-26.) It demonstrated only that she suffered from a transient problem of depression related to her marital problems and resulting divorce which improved with medication.[10] (R.274-302, 182-190.) And the record is devoid of any attendant functional limitations of decisional significance. (*See* R.182-188, 310-313, 314-327.)

## Conclusion

As set forth in detail in section I above, it is not the province of the court to make the disability

---

[10] If a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F2$^d$ d 1163, 1166 (4th Cir. 1986).

11

determination. Its role is limited to determining whether the Commissioner's final decision is supported by substantial evidence. In this case, substantial evidence supports that decision. The recommendation that the decision of the Commission be affirmed is not intended to suggest in any way that the plaintiff is free of pain or does not have both physical and mental impairments. The objective medical evidence, however, simply fails to demonstrate the existence of a condition that could be reasonably expected to result in total disability within the meaning of the Social Security Act. Moreover, the extensive administrative record in this case demonstrates that the plaintiff's claim and the evidence, both objective and subjective, were properly considered and were fully and fairly assessed.

## IV. Proposed Findings of Fact

As supplemented by the above summary and analysis and on the basis of a careful examination of the full administrative record, the undersigned submits the following formal findings, conclusions and recommendations:

1. All facets of the Commissioner's final decision are supported by substantial evidence;

2. Substantial evidence supports the finding that the plaintiff's condition neither met nor medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appx. 1;

3. The ALJ did not err in his review of the plaintiff's physical impairments and associated functional limitations;

4. The ALJ did not err in his review of the plaintiff's mental health impairments and associated functional limitations;

5. Substantial evidence supports the finding that through the date the ALJ's decision, the plaintiff retained the functional ability to perform a range of light work;

6. The medical information and opinions of Dr. Seegar were appropriately considered at all relevant decisional steps;

7. The plaintiff has not met her burden of proving her disability on or before the date of the ALJ's decision; and

8. The final decision of the Commissioner should be affirmed.

## V. Recommended Disposition

For the foregoing reasons, it is RECOMMENDED that an order be entered AFFIRMING the final decision of the Commissioner, GRANTING SUMMARY JUDGMENT to the defendant, DENYING plaintiff's claim, and DISMISSING this case from the docket of the court.

The clerk is directed to transmit the record in this case immediately to the presiding district judge and to transmit a copy of this Report and Recommendation to all counsel of record.

## VI. Notice to the Parties

Both sides are reminded that, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within ten (10) days hereof. **Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties.** Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned

may be construed by any reviewing court as a waiver of such objections.

DATED: 12th day of March 2009.

/s/ *James G. Welsh*
United States Magistrate Judge